# Exhibit 1

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-04070-S2
6/1/2021 12:49 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

DESHANA MACK,

PLAINTIFF

CIVIL ACTION NUMBER: 21-C-04070-S2

VS.

MARBELLA PLACE LP; AMERICAN LANDMARK II, LLC; ABC CORPS. 1-3; and, JOHN DOES 1-3,

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: AMERICAN LANDMARK II, LLC, by and through its registered agent for service, CT CORPORATION SYSTEM

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

NIGEL PHIRI
MORGAN & MORGAN ATLANTA
191 PEACHTREE STREET NE, STE 4200
ATLANTA, GA 30303

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __1ST__ day of __MAY__, 20__21__.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Case 1:21-cv-02984-WMR   Document 1-1   Filed 07/26/21   Page 3 of 10

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-04070-S2
6/1/2021 12:49 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DESHANA MACK, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | CASE ACTION |
| vs. ) | FILE NO. 21-C-04070-S2 |
| ) | |
| ) | |
| MARBELLA PLACE LP; ) | |
| AMERICAN LANDMARK II, LLC; ) | |
| ABC CORPS. #1-3; and, JOHN DOES ) | |
| #1-3, ) | |
| | |
| *Defendants.* | |

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff DESHANA MACK, by and through the undersigned counsel, hereby sues Defendant MARBELLA PLACE, LP and Defendant AMERICAN LANDMARK II, LLC, and alleges as follows:

1.  Plaintiff DESHANA MACK (hereinafter "Plaintiff"), is a resident of the State of Georgia.

2.  At all times material to this action, Defendant MARBELLA PLACE, LP (hereinafter "Defendant Marbella") is a foreign for-profit corporation licensed to do business in the State of Georgia. Defendant Marbella's registered agent is CT Corporation System, located at 289 Culver Street, Lawrenceville, Georgia 30046-4805. Defendant Marbella may be served by delivering a copy of the Summons and Complaint to that address.

3.  At all times material to this action, Defendant AMERICAN LANDMARK II, LLC ("Defendant American Landmark") is a foreign limited liability company, with a registered agent for service of process, C T Corporation System, located at 289 S Culver Street, Lawrenceville, GA

30046-4805 in Gwinnett County. Service of process can be perfected upon Defendant American Landmark at that address.

4.      Defendants, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendants' apartment complex and may have contributed to the negligence that injured Plaintiff. If and when putative, entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

5.      Defendants, JOHN DOES #1-3, are unidentified individuals who are potential, third-party tortfeasors. Defendants JOHN DOES #1-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendants' apartment complex and may have contributed to the negligence that injured Plaintiff. If and when putative, Defendants JOHN DOES #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

6.      At all material times, Defendants operated an apartment complex located at 3470 Mount Zion Road, Stockbridge, GA 30281, called Marbella Place Apartment Homes (the "Premises").

7.      On or about June 8, 2019, Plaintiff was a tenant at Marbella Place Apartment Homes. While walking through her apartment, Plaintiff slipped and fell due to a slick substance on the floor of her apartment caused by a ceiling leak and suffered severe injuries (the "Incident").

8.      At said time and place, Plaintiff, DESHANA MACK, was a lawful resident upon the premises of Defendants, who owed Plaintiff a nondelegable duty to exercise reasonable care for her safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANTS

9. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through five (5) as if fully set forth herein.

10. At said time and place, Defendants owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition(s) on the premises.

11. At said time and place, Defendants breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the premises, thus creating a hazard to guests visiting and/or residents inhabiting said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a fall hazard to guests visiting and/or residents inhabiting said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the premises, as specified above, to ascertain whether the said premises, which were poorly maintained, constituted a hazard to guests visiting and/or residents inhabiting said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

d) Negligently failing to inspect or adequately warn Plaintiff of the danger of the premises, when Defendant knew or through the exercise of reasonable care should have known that said premises were unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to inspect, repair or adequately correct the unreasonably dangerous condition of the premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the premises for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the premises for dangerous conditions;

3

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the premises despite knowledge of prior falls at the subject location caused by similar dangerous conditions that were not timely identified by Defendants' employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting the premises for dangerous conditions and identifying and remedying said conditions and/or warning individuals of said conditions;

k) Negligently failing to assign specific associates/employees to the task of solely monitoring the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

l) Negligently failing to act reasonably under the circumstances;

m) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the guests and/or residents, including Plaintiff herein;

n) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

o) Negligently failing to install, maintain and provide a safe surface within the subject premises;

p) Negligently selecting and/or utilizing surface materials that failed to provide a non-slip surface for guests and/or residents, including Plaintiff, when, based on Defendants' experience, Defendants knew or should have known falls were likely to occur; and

q) Negligently selecting and/or utilizing surface materials that failed to properly disperse or dissipate liquid substances, when, based on Defendants' experience, Defendants knew or should have known trips were likely to occur.

12. As a result, Plaintiff fell on a liquid substance leaking from the ceiling of her residence, sustaining significant personal injuries.

13. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant

4

scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff DESHANA MACK, sues Defendants for damages and demands judgment, plus interest and costs, and demands trial by jury of all issues so triable.

### COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANTS

14. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through ten (10) as if fully set forth herein.

15. At said time and place, Defendants owned, controlled, and/or possessed the premises.

16. At said time and place, and by virtue of its ownership, control, and/or possession of the premises, Defendants owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

17. At said time and place, Defendants breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

  a) Negligently failing to maintain or adequately maintain the premises, thus creating a hazard to guests visiting and/or residents inhabiting said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

  b) Negligently creating a fall hazard to guests visiting and/or residents inhabiting said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

  c) Negligently failing to inspect or adequately inspect the premises, as specified above, to ascertain whether said premises, which was poorly maintained, constituted a hazard to guests visiting and/or residents inhabiting said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

d) Negligently failing to inspect or adequately warn Plaintiff of the danger of the stairs when Defendant knew or through the exercise of reasonable care should have known that said premises were unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the premises for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the premises for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the premises despite knowledge of prior falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified and/or corrected/remedied or for which notice was given to guests and/or residents at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting premises for dangerous conditions and correcting/remedying said conditions and/or warning guests and/or residents of said conditions;

k) Negligently failing to assign specific associates/employees to the task of solely monitoring the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests and/or residents of said conditions;

l) Negligently failing to act reasonably under the circumstances;

m) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to guests and/or residents, including Plaintiff herein;

n) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

6

o) Negligently selecting and/or utilizing surface materials that failed to provide a non-slip surface for guests and/or residents including Plaintiff, when, based on Defendants' experience, Defendants knew or should have known falls were likely to occur on the premises;

p) Negligently selecting and/or utilizing surface materials that failed to properly disperse or dissipate liquid substances, when, based on Defendants' experience, Defendants knew or should have known slips/trips were likely to occur on the premises; and

s) Negligently selecting and/or utilizing surface material that failed to tolerate liquid substances and/or moisture, acting to make the floors slick like ice, when, based on Defendants' experience, Defendants knew or should have known liquid substances and/or moisture were likely to occur on the premises.

18. As a result, Plaintiff fell on a liquid substance leaking from the ceiling of her residence, sustaining significant personal injuries.

19. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff DESHANA MACK sues Defendant, for damages and demands judgment plus interest and costs, and demands trial by jury of all issues so triable.

This 1st day of June, 2021.

Respectfully Submitted,

*/s/ Nigel Phiri*
Georgia Bar Number 110935
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:   (404) 965-8811
Facsimile:    (404) 965-8812